UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-1287 PSG (JCG) | Date | February 18, 2016 |
|---|---|---|---|
| Title | *Philip Perez v. County of Riverside, et al.* | | |

| Present: The Honorable | Jay C. Gandhi, United States Magistrate Judge | | |
|---|---|---|---|
| Kristee Hopkins | None Appearing | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: | |
| None Appearing | | None Appearing | |

**Proceedings:**   **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE AS UNTIMELY**

On June 30, 2015, plaintiff Philip Perez ("Plaintiff"), who is at liberty and proceeding *pro se*, lodged a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). [Dkt. No. 1.] Because Plaintiff has been granted leave to proceed *in forma pauperis*, [see Dkt. Nos. 3, 6], the Court has screened the Complaint for the purpose of determining whether the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In the Complaint, Plaintiff alleges that, on August 1, 2008, Riverside County Sheriff's Deputy Cohen and other, unnamed deputies stopped Plaintiff's car, "extricated [Plaintiff] from his vehicle" with "excessive force," "slammed [his] upper torso, chest and head forcibly into contact with the [vehicle's] rear trunk," "forcibly restrained" him, "tightly secured wrist manacles upon [him]," "harassed and intimidated" him, and searched his vehicle. (Compl. at 6-8.) Plaintiff claims that Defendant Cohen and several Doe Defendants thereby violated his Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures, and from the use of excessive force. (*See id.* at 12, 17-18.)

Absent waiver, the Court may consider the timeliness of a complaint *sua sponte*. *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993).

In actions brought pursuant to 42 U.S.C. § 1983, federal courts apply the forum state's statute of limitations for personal injury actions, which, in California, is two years. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1. This period begins to run when the plaintiff first learns of the injury giving rise to his claims. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 761-62 (9th Cir. 1991). Thus, an excessive force claim is typically deemed to have accrued when the allegedly excessive force was used. *See, e.g., Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998) (holding that excessive force claim accrued on date of plaintiff's arrest). Likewise, where a plaintiff alleges illegal search and seizure, "the cause of action can reasonably be deemed to have accrued when the wrongful act occurs." *Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 15-1287 PSG (JCG) | Date | February 18, 2016 |
| Title | *Philip Perez v. County of Riverside, et al.* | | |

    As a rule, federal courts also apply the forum state's laws regarding tolling, except to the extent such laws are inconsistent with federal law. *Jones*, 393 F.3d at 927. Under California law, the statute of limitations for claims that concern a police officer's conduct, and that relate to a potential plaintiff's alleged criminal offense, are tolled while criminal charges are pending.[1] *See* Cal. Gov't Code § 945.3. Additionally, California law provides that a statute of limitations may be equitably tolled where (1) defendants had timely notice of the claim, (2) defendants are not prejudiced, *and* (3) the plaintiff's conduct was "reasonable and in good faith." *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999).

    Here, absent tolling, the applicable statute of limitations expired on August 1, 2010, *i.e.*, two years after the Plaintiff's cause of action accrued. *See Jones*, 393 F.3d at 927; Cal. Civ. Proc. Code § 335.1. However, Plaintiff did not lodge the Complaint until June 30, 2015, nearly five years later. [*See* Dkt. No. 1.] As such, the Complaint appears to be untimely.

    Nevertheless, out of an abundance of caution, Plaintiff is hereby **ORDERED TO SHOW CAUSE**, in writing, within **fourteen days** of the date of this Order, why this action should not be dismissed with prejudice as untimely. In the event Plaintiff claims that he is entitled to a delayed accrual of the statute of limitations, or to tolling of the statute of limitations, Plaintiff **must explain** in detail the factual and legal basis therefor, and **must specify** the reason(s) for Plaintiff's apparent delay in commencing this action. Plaintiff also **must specify** all relevant dates, and is encouraged to attach any supporting documents.

    **Plaintiff is expressly warned that his failure to file a timely and complete response will be deemed by the Court as consent to the dismissal of this action.**

    IT IS SO ORDERED.

cc: Parties of Record

                                                                          00 : 00

Initials of Clerk      kh

---

[1]     Evidently, on the day of the events in question, Plaintiff was issued a notice to appear in Temecula Traffic Court on September 26, 2008, for failing to stop at a red light. (*See* Compl. Ex. 1.) Plaintiff fails to state when and how this charge was resolved. In any event, however, the issuance of a notice to appear does not toll a potential plaintiff's statute of limitations under Cal. Gov't Code § 945.3. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 379 (9th Cir. 1998). Rather, for purposes of § 945.3, criminal charges are not "pending" until such charges are filed with a court. *See id.*